UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD V. LAWRENCE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:88CV01238 ERW |
| ) | |
| BILL M. ARMONTROUT, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Edward V. Lawrence's ("Petitioner") Motion for Relief from Judgment Pursuant to Rule 60(b)(6) [ECF No. 89], and Petitioner's "Motion for Leave to Submit a[n] Exhibit in Support of Claim Challenging the Unreliability of the Identification and a Showing of the Character and Credibility of State Eyewitness Henry Buford, by a Ruling in the Missouri Court of Appeals, Eastern District that Shows His History and His Ability to Lie and Blame Others for His Wrong Doing, and that His Identification, in this Case Is Very Questionable" [ECF No. 94].

In his Rule 60(b)(6) Motion, Petitioner contends this Court "should revisit [Petitioner's] original petition for writ of habeas corpus and address the claims that were not addressed on the Merits" [ECF No. 89 at 3]. Specifically, Petitioner argues state witness Henry Buford's identification of him in a photo line-up was influenced by governmental suggestive influence, because police knew a friend had told Buford that Petitioner had committed a crime, and Buford had viewed a picture of Petitioner in a local newspaper.

## I. BACKGROUND

In a state court proceeding, a jury found Petitioner to be guilty of capital murder and murder in the first degree; and he subsequently was sentenced to life imprisonment without parole for fifty years on the capital murder conviction, and to a consecutive term of life imprisonment on the murder-in-the-first-degree conviction. *State v. Lawrence*, 700 S.W.2d 111 (Mo. Ct. App. 1985). On direct appeal, Petitioner contended the trial court erred in admitting certain identification testimony, and in disqualifying jury panel members who stated they would be unable to consider the death sentence. *Id*. at 111. Regarding his contention that the trial court erred in failing to suppress the identification testimony, Petitioner claimed witness Henry Buford's "identification of him in a police photo display was tainted because the witness remembered him, not from the day of the crime, but from a photo the witness had seen in a local newspaper, and from a conversation in which a friend told the witness that defendant had been involved in the murders." *Id.* at 112. Upon review, the Missouri Court of Appeals found no error in the trial court's admission of the identification testimony. *Id.* The court, noting Petitioner did not claim the police had used any improper identification procedures, recognized that "[i]t is for the trier of fact to determine the extent to which nongovernmental sources have influenced the perception or memory of a witness." *Id.* The court concluded Buford's identification of Petitioner was not so tainted as to be totally unreliable as a matter of law, noting Buford was fully cross-examined regarding the alleged suggestive influences and had denied the extrinsic events had swayed his identification of Petitioner. *Id.* The appellate court denied both of Petitioner's points, and affirmed trial court's judgment. *Id.*

After his convictions of capital murder and murder in the first degree were affirmed on direct

appeal, Petitioner sought state postconviction relief, alleging that his trial counsel was ineffective for having failed to interview several individuals who would have corroborated his alibi on the evening of the murders, and for failing to object to the state's improper use of peremptory strikes. *Lawrence v. State*, 750 S.W.2d 505 (Mo. Ct. App. 1988). Petitioner and his counsel gave substantially conflicting testimony during an evidentiary hearing. *Id*. at 506. The motion court made extensive findings of fact regarding Petitioner's allegations, accepted his counsel's testimony, and denied Petitioner's requested relief. *Id.* Among its findings, the motion court stated: 1) trial counsel did not call Petitioner's mother as a defense witness to testify concerning a car used during the crimes because she told counsel she would not appear in court and testify; and 2) counsel did not call Police Officer Dennis Epps to impeach Henry Buford, because counsel determined the officer's testimony would not benefit Petitioner and the better strategy would be to cross-examine Buford thoroughly. *Id*. The Missouri Court of Appeals affirmed the motion court's judgment. *Id*. at 506-07.

Thereafter, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. *Lawrence v. Armontrout*, 900 F.2d 127 (8th Cir. 1990) (*Lawrence I*). The case was referred to a magistrate, who recommended the petition be denied, based on the state court opinion. Adopting the magistrate's recommendation, the district court denied Petitioner's requests for appointed counsel and an evidentiary hearing, and dismissed the petition with prejudice. *Id*. at 129. On appeal, the Eighth Circuit concluded Petitioner's trial counsel owed him a duty to pursue his alibi defense, and to investigate all witnesses alleged to have knowledge concerning his guilt or innocence. *Id*. at 130. The Eighth Circuit determined that Petitioner had not procedurally defaulted the prejudice portion of his ineffective assistance claim. It further

concluded Petitioner had exhausted his state remedies, because Petitioner's postconviction counsel failed to present evidence of prejudice at the state postconviction hearing, and Petitioner consequently was unable to return to state court to obtain a ruling as to whether his trial counsel's deficient performance prejudiced his defense. *Id*. at 131. The Court of Appeals reversed the district court's order of dismissal, and remanded the matter with instructions to appoint counsel, and to conduct an evidentiary hearing to determine the issue of prejudice. *Id*.

On remand, the matter was again referred to a magistrate, who held a hearing as instructed. *Lawrence v. Armontrout*, 961 F.2d 113, 114 (8th Cir. 1992)(*Lawrence II*). The magistrate found the proffered alibi evidence was insufficient to undermine his confidence in the outcome of Petitioner's trial, because one alibi witness was not credible, the evidence of Petitioner's guilt was substantial, and the testimony of the other witnesses did not significantly add to Petitioner's alibi defense. *Id*. The magistrate recommended the petition be denied [ECF No. 89 at 11].

Petitioner objected to the magistrate's recommendation, contending: 1) the magistrate misapplied the standard for determining prejudice; 2) the State's case was not as substantial as the magistrate indicated; and 3) the magistrate erroneously weighed the witnesses' credibility, thus invading the jury's province [ECF No. 89 at 11]. In a March 25, 1991, Order, the district court, explicitly stating it was not its province to determine witness credibility, found the witnesses' testimony to be relevant and admissible evidence supporting Petitioner's alibi defense [ECF No. 89 at 13-14]. The district court then stated it was "unable to declare that the omission of this evidence was harmless beyond a reasonable doubt[,]" and concluded, "[h]aving sustained petitioner's objections on this issue, the Court will not consider the other allegations of error raised by the petitioner." [ECF No. 89 at 14]. The district court rejected the magistrate's

4

recommendation, and granted the petition for a writ of habeas corpus. *Lawrence II*, 961 F.2d at 114-15. Addressing the State's appeal, the Eighth Circuit concluded the district court erred by improperly shifting the burden of proof from Petitioner to the State, and by using the incorrect legal standard in its prejudice analysis. *Id*. at 115. The Court of Appeals reversed the district court's order, and remanded the case for consideration under the proper *Strickland*[1] prejudice standard. *Id*. at 115-16.

On remand, the magistrate judge readopted his previous report and recommendation, concluding the habeas petition should be denied because Petitioner failed to show prejudice. *Lawrence v. Armontrout*, 31 F.3d 662, 665 (8th Cir. 1994) (*Lawrence III*). The district court, accepting the magistrate's report and recommendation, denied the petition, concluding, "based on the totality of the evidence, that the evidence of Lawrence's guilt was substantial, and Lawrence had not affirmatively proven that there was a reasonable probability that had his counsel interviewed and called the alibi witnesses, Lawrence would have been acquitted." *Id*. at 667. The district court further concluded Petitioner failed to demonstrate his trial was fundamentally unfair, or that its result was not reliable. *Id*.

Petitioner appealed the denial of his petition for habeas corpus relief. The Eighth Circuit addressed the appeal's merits, rejecting, as waived, the State's assertion that Petitioner's ineffective-assistance-of-counsel claim was procedurally barred due to Petitioner's failure to present alibi witnesses at the state evidentiary hearing. *Id*. at 665-66. The Court of Appeals noted twelve witnesses testified, either in person or by affidavit, at the federal evidentiary hearing. *Id*. at 666. It further noted the district court had conducted a de novo review of the

---

1 *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

magistrate's report, analyzing the trial testimony and the testimony of the alibi witnesses testifying at the habeas hearing, and explicitly refusing to judge the credibility of the witnesses. *Id*. at 667.  After reviewing the record, the Court of Appeals was convinced the district court's ruling was not erroneous, because: 1) the alibi evidence only cast some doubt on aspects of the State's case, but did not rule out the possibility that Petitioner actually committed the crimes, and 2) the evidence of Petitioner's guilt was strong and substantial. *Id*. at 668.  As an example of the strength of the State's case, the Court noted three different witnesses identified Petitioner as being at the crime scene on the evening when the murders were committed, one of who saw him from only five feet away. *Id*.

On January 23, 1998, Petitioner filed a motion pursuant to Federal Rule of Civil Procedure 60(b) to vacate the district court's judgment; the motion was denied, as was Petitioner's subsequent motion for reconsideration [ECF Nos. 29, 35, 36, 37, 48 at 1].  Petitioner then filed a notice of appeal, which the Eighth Circuit treated as an application for a certificate of appealability, and denied on April 29, 1998 [ECF Nos. 38, 41, 42].  In October of 1998, the United States Supreme Court denied Petitioner's request for a writ of certiorari [ECF No. 46].

Petitioner filed another Rule 60(b) motion on December 15, 1998; this motion also was denied, on January 20, 1999 [ECF Nos. 47, 48 at 1].  On February 23, 1999, the district court denied motions Petitioner filed for a certificate of appealability, and for leave to appeal in forma pauperis [ECF No. 52].  The Eighth Circuit treated a notice of appeal filed by Petitioner as an application for a certificate of appealability; after review by a panel, this application was denied on March 18, 1999 [ECF No. 54].  The Eighth Circuit denied Petitioner's request to file a successive habeas application on November 22, 2000 [ECF No. 67].  Petitioner filed subsequent

Rule 60(b) motions, which were denied on February 4, 2003, (summarily affirmed on March 12, 2003); and on December 5, 2005 [ECF Nos. 71, 78, 79, 80]. On December 14, 2005, the district court denied Petitioner's motion for a certificate of appealability, and the Eighth Circuit denied his application for a certificate of appealability on January 23, 2006 [ECF Nos. 83, 86]. Petitioner thereafter filed petitions for rehearing by the Eighth Circuit panel, and for rehearing en banc, both of which were denied on March 21, 2006 [ECF No. 87]. The Eighth Circuit denied another application for a certificate of appealability on April 6, 2006 [ECF No. 88]. On December 12, 2013, Petitioner filed the Motion for Relief from Judgment Pursuant to Rule 60(b)(6) presently before the Court [ECF No. 89].

## II. DISCUSSION

Petitioner is seeking reconsideration of a March 25, 1991 Order and Judgment granting a petition for writ of habeas corpus he previously filed in this matter [ECF Nos. 89, 90]. In his Rule 60(b)(6) Motion, Petitioner asks the Court to review the March 1991 Order and Judgment, because, although the Order granted Petitioner relief on another ground, it did not decide an identification claim he presented in his petition for writ of habeas corpus. Petitioner contends this Court should consider his claim "'that the trial court erred in not suppressing suggestive identification procedures' made by the police and others[.]" [ECF No. 90 at 1]. Petitioner argues his filing is not a second or successive petition for a writ of habeas corpus, because the merits of the claim he is asserting were not addressed in the prior rulings entered in his case. Petitioner asserts his case clearly constitutes extraordinary circumstances, because he could not persuade the district court, or the Eighth Circuit, to address the merits of the claims he included in his original habeas corpus petition. [ECF No. 110]. Petitioner also requests leave to submit a

7

copy of a state court opinion as an exhibit in support of his suggestive identification claim, contending the decision shows Buford's character and credibility, and to submit additional case law in support of his motion [ECF Nos. 94, 111].

In its Response, Government contends the Court should deny review for two independent reasons [ECF No. 109]. First, Government asserts Petitioner's twenty-three-year delay in presenting his Rule 60(b)(6) motion challenging the district court's March 25, 1991 decision, is unreasonable, and it argues Petitioner could have presented the claim as an alternative ground to uphold the district court's 1991 judgment, but did not. Government further contends the reasonableness of the delay should be measured in the context of Petitioner's active litigation since his conviction, remarking that Petitioner could have raised the issue in his 1994 appeal to the Court of Appeals. Government notes Petitioner has filed multiple requests with the Court of Appeals to file a second or successive petition (Appeal Nos. 97-8248, 99-4037, 00-1737, 00-3390, 01-1248, 03-2174, 05-1716, 06-2865, 09-3093, 13-2326), three motions to recall the mandate in the Court of Appeals, and at least three previous Rule 60(b) motions, whose denials he appealed (Nos. 98-2036, 03-1553, 05-4407). Second, because Rule 60(b)(6) is not a substitute for an appeal, Government argues Petitioner could have raised his identification claim in *Lawrence II*, as an alternative ground to uphold the judgment, or in *Lawrence III* as a ground for reversal.

Finally, Government contends Petitioner's claim is meritless, pointing out the Missouri Court of Appeals affirmed his conviction due to the lack of evidence of suggestion by law enforcement in obtaining the identification evidence. Government further argues Petitioner showed no suggestion on direct appeal, and alleges none in his present motion. As to

8

Petitioner's request to submit, as an exhibit, an appellate court decision affirming Buford's drug conviction in 1992, Government asserts the Court should deny the motion as moot.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 323, 326-29 (1997). Petitioner's Rule 60(b) motion is, in all respects, a successive habeas petition under AEDPA. *See Ward v. Norris*, 577 F.3d 925, 932-33 (8th Cir. 2009) (Rule 60(b) motion is second or successive habeas corpus application if it contains a claim). A claim is an asserted federal basis for relief from a state judgment of conviction, or an attack on federal court's previous resolution of the claims on the merits. *Id.* at 933. "On the merits refers to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* (internal quotations and citation omitted).

Petitioner's Rule 60(b) motion ultimately seeks to assert a claim, In fact, the motion advances a claim that was previously considered and decided on the merits in the direct appeal of his conviction, and in his state ineffective-assistance-of-counsel proceeding. *See State v. Lawrence*, 700 S.W.2d at 112; *Lawrence v. State*, 750 S.W.2d at 506. Significantly, Petitioner raised this claim in his original application for a writ of habeas corpus. Having granted Petitioner the relief he sought on another ground, the district court did not consider his other allegations of error in its March 25, 1991 Order. Because Petitioner presented this same claim in his first habeas proceeding, 28 U.S.C. § 2244(b)(1) precludes him from asserting the claim again in a second or successive habeas petition. *See Wainwright v. Norris*, 121 F.3d 339, 340 (8th Cir. 1997) (denying motion where petitioner sought authorization to file second habeas

9

petition asserting claim presented in initial habeas petition, but not addressed by district court in granting relief on another ground). Petitioner could have pressed the district court for a ruling on this claim, or asserted this claim as an alternative ground to uphold the district court's 1991 judgment in his subsequent appeal; but, he did not. *Id*. at 340-41 (familiar rule of trial practice places responsibility on petitioner's shoulders to obtain ruling left unaddressed by district court). On March 8, 1993, the district court denied Petitioner's application for a writ of habeas corpus on its merits, and the Eighth Circuit affirmed the district court's judgment on August 2, 1994 [ECF No. 48 at 1; *Lawrence III*, 31 F.3d at 668]. Petitioner has not satisfied the three requirements AEDPA imposes on successive habeas petitions such as Petitioner's:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
>> (B)  A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>>
>> (C)  The Court of Appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(a) - (b)(3)(C).

Petitioner's claim was presented in a prior application, and, in the intervening years, Petitioner pursued three appeals in this matter, but failed to raise this issue in a timely petition for rehearing or on appeal  Accordingly, this claim is barred.  Moreover, even if this claim had not been presented in a prior application, Petitioner has not made the requisite showing to withstand dismissal.  Petitioner's claim does not rely on a new, retroactive rule of constitutional law, or new facts highly probative of actual innocence.

Petitioner's current filing is successive to his previous filings.  Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  Therefore, this matter will be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Edward V. Lawrence's Motion for Relief from Judgment Pursuant to Rule 60(b)(6) [ECF No. 89] is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not issue.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Leave to Submit a[n] Exhibit in Support of Claim Challenging the Unreliability of the Identification and a Showing of the Character and Credibility of State Eyewitness Henry Buford, by a Ruling in the Missouri Court of Appeals, Eastern District that Shows His History and His Ability to Lie and Blame Others for His Wrong Doing, and that His Identification, in this Case Is Very Questionable" [ECF No. 94], and his "Motion for Leave to Submit Addi[]tional Case Law in Support of Rule 60(B)(6) Motion" [ECF No. 111] are **DENIED as MOOT**.

So Ordered this 29th day of August, 2014.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**